# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

KION STOKES  
2122 South 20th Street  
Philadelphia, PA 19145  
             Plaintiff  
   v.  

CHILDREN'S HOSPITAL OF  
 PHILADELPHIA (C.H.O.P.)        Civil Action No. _____  
3401 Civic Center Boulevard  
Philadelphia, PA 19104  
             Defendant  

_____

## **COMPLAINT**

Plaintiff, Kion Stokes, by and through his attorneys, Derek Smith Law Group, PLLC, hereby brings this civil action pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.,* and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et. seq.*, and seeks relief for discrimination and retaliation related to Plaintiff's employment with Defendant, Children's Hospital of Philadelphia. Plaintiff alleges and avers:

### **Parties**

1. Plaintiff, Kion Stokes, is an adult African American male who currently resides at the above captioned address and at all times relevant was an employee for Children's Hospital of Philadelphia, working at 3401 Civic Center Boulevard, Philadelphia, PA 19104.

2. Defendant, Children's Hospital of Philadelphia (hereinafter "Defendant" or "CHOP"), is a non-profit entity and/or organization duly existing under the laws of the Commonwealth of Pennsylvania with a registered office at the above captioned address, and at all times relevant, was Plaintiff's employer.

1

3. Defendant CHOP accepted, agreed, adopted, acquiesced, and/or otherwise was bound by the acts, omissions, and conduct of its owners, managers, supervisors, employees, and agents.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this case as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the Pennsylvania State Law causes of action.

5. Venue is appropriate before this Court as all parties reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Bucks, Montgomery, Delaware, Philadelphia, and Chester County).

6. Furthermore, this Court maintains jurisdiction over Plaintiff's employment discrimination causes of action as Plaintiff has exhausted his administrative remedies, having filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, and Plaintiff having received a Notice of Right to Sue.

## Summary of Facts

7. Plaintiff worked for Defendant CHOP from February 7, 2014 to October 23, 2019 as a General Service Workers III in the Environmental Services and Linen Department earning $24.50 an hour, and he was a member of Local Bargaining Unit 1199C.

8. Plaintiff worked part-time (approximately 24 hours a week) and his job responsibilities were primarily janitorial, with him cleaning, disinfecting, and removing waste and linens.

9. Plaintiff maintains that he was the longest tenured and/or most senior person working for Defendant CHOP in this capacity in the Environmental Services and Linen Department.

10. A Caucasian female Operations Manager named Terri Higginson supervised and managed Plaintiff.

11. Defendant CHOP has/had intermediary supervisors or "Assistant Managers" who operated in between Plaintiff and Ms. Higginson, however, these individuals did not have authority to make material changes to Plaintiff's employment and required Ms. Higginson's authority.

12. Plaintiff was disparately treated in relation to similarly situated non-African American /black employees in discipline, performance review, and amenities of employment.

13. For example, and not inclusive of all examples, Plaintiff was disciplined and written-up for lateness, among other write-ups, while similarly situated non-African American / black employees were not disciplined and/or written-up for similar conduct.

14. Plaintiff received a write-up for using his phone or headphones, while other non-African American/black employees were permitted to use phones or headphones, including an Asian American female, Suzanne (Last Name Unknown), and was/were not written-up.

15. Plaintiff alleges and believes Ms. Higginson authorized and/or directed the supervisors or Assistant Managers to take these adverse employment actions against Plaintiff, while not authorizing and/or directing similar actions against non-African American /black employees.

16. Plaintiff also applied for a promotion and/ or hire to a better paying position within Defendant but was denied.

17. While Plaintiff cannot provide exact dates and specifics about this application, Defendant CHOP stated during the administrative investigation of this matter that Plaintiff applied for a General Service Worker IV position in October of 2018 and learned in early 2019 that he was not selected.

18. Plaintiff felt he was the most qualified and should have been selected for the position, and he felt Defendant's denial was a further act of discrimination, specifically an act of discrimination by Ms. Higginson, whom Plaintiff understood to have made the decision on the hire/promotion.

19. Plaintiff further alleges and believes Defendant wrongly used a "form over function" or technicality, to deny Plaintiff the position.

20. Plaintiff complained to Darryl Benjamin, an African American Human Resources employee, about not getting the position to which Plaintiff applied, and complained to Mr. Benjamin that Plaintiff was being subjected to race and color discrimination.

21. It is alleged and believed Ms. Higginson was informed of Plaintiff's complaint.

22. Plaintiff thereafter received disciplinary actions leading up to his subsequent termination on October 21, 2019.

23. In October, Ms. Higginson brought two reasons to terminate Plaintiff, both of which Plaintiff disputes as pretext to discrimination and a retaliation.

24. First, she sent him a letter that Plaintiff had abandoned his job for having been a no-call / no-show on October 11, 2019 and October 12, 2019, however, Plaintiff had timely utilized holiday leave and other permitted leave for those days, and thus was not a no-call / no-show.

4

25. Ms. Higginson sent Plaintiff a letter on October 16, 2019 that absent extenuating circumstances, he would be terminated effective October 24, 2019 for those absences.

26. Plaintiff was arrested on September 30, 2019 and released on or around October 16, 2019. His next day of work was October 18, 2019.

27. Plaintiff appeared for work October 18, 2019 but was sent home.

28. A few days later, October 21, 2019, Plaintiff received a phone call from Ms. Higginson in which she accused him of having been arrested and not provided notice, and Plaintiff told Ms. Higginson she had to speak to his "lawyer", a public defender.

29. Plaintiff's public defender told Plaintiff to not speak about the matter.

30. Plaintiff was further unaware that he was charged with Aggravated Assault, which was a trumped-up charge that the District Attorney eventually dropped to get a plea for misdemeanor harassment.

31. Misdemeanor harassment, which is what Plaintiff believed was his charge, does not rise to the 72-hour rule or the Pennsylvania's Child Protective Services Law.

32. Furthermore, while Plaintiff fits the description of Healthcare Worker under Defendant CHOP's definition, he does not fit specific categories to subject him to the Pennsylvania Child Protective Services Law as he does not interact with children.

33. Ms. Higginson then terminated Plaintiff immediately.

34. Plaintiff disputed his termination through Union grievance but has been thus far has been denied despite evidence of his just cause, which is a further retaliation.

35. Plaintiff alleges and believes he was subject to discrimination and retaliation for having taken the protected activity of complaining of race and color discrimination.

## COUNT ONE
### Discrimination and Disparate Treatment
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
### Plaintiff v. Defendant

36. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

37. Defendant is an employer under 42 U.S.C. § 2000 *et. seq* as it is engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

38. Plaintiff is a person and has a protected class in that he is African American /black.

39. Under 42 U.S.C. § 2000e-2. *[Section 703(a)]* it shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

40. Defendant discriminated and disparately treated Plaintiff, by and through its officers, managers, and supervisors, as follows:

   a. Disparate discipline and implementation of rules and reprimands when similarly situated persons outside Plaintiff's protected class were treated more favorably;

   b. Denying promotion and hire to better positions in lieu of less qualified candidates outside Plaintiff's protected classes;

   c. Wrongfully terminating Plaintiff in violation of rules and procedures and disparately; and,

   d. Denying Plaintiff amenities of employment and other similar disparate treatment.

41. As a direct and proximate result of Defendant CHOP's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, humiliation, embarrassment, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

42. Defendant CHOP's actions were willful and wanton and thus require the imposition of Punitive Damages.

43. Alternatively, as Defendant CHOP considered Plaintiff's race/color in the foregoing discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Kion Stokes, hereby demands judgment in his favor and against Defendant, Children's Hospital of Philadelphia, for any and all damages deemed necessary and just by the Court.

## COUNT TWO
### Retaliation
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
**Plaintiff v. Defendant**

44. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

45. Defendant CHOP retaliated against Plaintiff for having engaged in protected activity, by having made formal complaints to Human Resources that Plaintiff was being discriminated against by his Operations Manager.

46. The temporal proximity between Plaintiff's protected activity and discipline raises an unusually suggestive inference that the discipline was in retaliation, such that no further evidence of retaliation is necessary.

47. The temporal proximity between Plaintiff's protected activity and termination raises an unusually suggestive inference that the termination was retaliation, such that no further evidence of retaliation is necessary.

48. Alternatively, Plaintiff has evidence that raises an inference that the discipline and/or termination was/were a retaliation for having engaged in protected activity.

49. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

50. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

51. Alternatively, as Defendant considered retaliation in deciding to suspend and/or termination Plaintiff, Plaintiff is entitled to a charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Kion Stokes, hereby demands judgment in his favor and against Defendant, Children's Hospital of Philadelphia, for any and all damages deemed necessary and just by the Court.

**COUNT THREE**
**Discrimination and Retaliation**
*Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq.*
**Plaintiff v. Defendant**

52. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

53. Defendant CHOP is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania, and because Defendant CHOP resides in the Commonwealth.

54. Plaintiff is protected under the Pennsylvania Human Relations Act and has the protected class of being African American (race) and black (color).

55. Defendant CHOP subjected Plaintiff to a discriminatory environment and disparately treated Plaintiff, and retaliated against Plaintiff, all on the basis of his race and color, as alleged *supra*.

56. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

57. Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff, Kion Stokes, hereby demands judgment in his favor and against Defendant, Children's Hospital of Philadelphia, for any and all damages deemed necessary and just by the Court.

                          DEREK SMITH LAW GROUP, PLLC

                          _____
                          CHRISTOPHER J. DELGAIZO, ESQUIRE
                          Attorney for Plaintiff

                          1835 Market Street, Suite 2950
                          Philadelphia, PA 19103
                          T: 215-391-4790
                          Fax: 215-501-5911
                          Email: Chris@dereksmithlaw.com

Date: January 11, 2021